USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/21/2016

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
THE LAB, LLC,                       :
                                    :
                    <u>Plaintiff</u>, :
                                    :      No. 14 Civ. 7773 (JFK)
    -against-                       :
                                    :        **OPINION & ORDER**
TRAVELERS PROPERTY CASUALTY         :
COMPANY OF AMERICA and NATHAN       :
BUTWIN COMPANY, INC.                :
                                    :
                    <u>Defendants</u>. :
------------------------------------X

**JOHN F. KEENAN, United States District Judge:**

  Before the Court is Plaintiff The Lab, LLC's motion to remand this case back to New York State Supreme Court pursuant to 28 U.S.C. § 1447(c). For the reasons that follow, the motion is granted.

## Background

  The following facts are alleged in the complaint and are taken as true for the purposes of deciding the motion to remand. Prior to October 29, 2012, The Lab hired Defendant Nathan Butwin Company ("Butwin") to obtain insurance coverage on its behalf, requesting insurance that would cover business interruptions caused by "any loss of power" or "any loss of use or occupancy" at The Lab's business premises. (Compl. ¶¶ 24-25.) In response to that request, Butwin obtained an insurance policy for The Lab from Travelers Property Casualty Company of America ("Travelers"). (<u>Id.</u> ¶ 27.)

1

While the policy was in effect, The Lab suffered a business interruption caused by Hurricane Sandy. (Id. ¶¶ 19, 27.)  The Lab submitted a timely claim to Travelers for the losses caused by the interruption. (Id. ¶¶ 43-44.)  Travelers disclaimed coverage and has refused to indemnify The Lab. (Id. ¶ 45.)  As a result, The Lab brought this action against Travelers and Butwin in New York State Supreme Court.

As to Travelers, The Lab asserts claims for breach of contract and breach of the covenant of good faith and fair dealing under New York law. (Id. ¶¶ 47-48.)  With respect to Butwin, The Lab alleges that, in the event the policy does not cover The Lab's losses, Butwin breached its common law duty to obtain the coverage that The Lab requested. (Id. ¶ 55.)  The Lab seeks damages of no less than $750,000 on its claims. (Id. ¶¶ 53, 57.)

On September 25, 2014, Travelers removed this action to federal court on the basis of diversity jurisdiction.[1] (ECF No. 1, Notice of Removal.)  On May 21, 2015, The Lab filed the instant motion to remand the case to New York State Supreme

---

[1] The parties' citizenship for jurisdictional purposes is undisputed.  The Lab is a New York limited liability company, and its members are all individuals who reside in New York. (Compl. ¶ 5; Def.'s Mem. at 2.)  Butwin is a New York corporation with a principal place of business in New York. (Compl. ¶¶ 15-16; Def.'s Mem. at 2.)  Travelers is a Connecticut corporation with a principal place of business in Hartford, Connecticut. (Compl. ¶ 7; Def.'s Mem. at 2.)

Court, arguing that this Court lacks subject matter jurisdiction.

## Legal Standard

On a motion to remand, the burden is on the defendant to establish that removal was appropriate. See Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004). The removal requirements are construed narrowly and any doubts are resolved against removal. See In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007).  Further, where a motion to remand is based on a district court's lack of subject matter jurisdiction, the court must accept the material factual allegations contained in the complaint. See Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992).

## Discussion

In arguing that this Court has subject matter jurisdiction over the action, Travelers acknowledges that both The Lab and Butwin are citizens of New York, which would ordinarily defeat diversity jurisdiction and thereby bar removal. See 28 U.S.C. § 1332(a); Briarpatch Ltd., L.P v. Phoenix Pictures, Inc., 373 F.3d 296, 302 (2d Cir. 2004) (recognizing the requirement of complete diversity between the parties).  However, Travelers contends that Butwin's New York citizenship should be disregarded for the purposes of determining diversity

3

jurisdiction because, according to Travelers, Butwin was fraudulently joined to avoid federal jurisdiction.

The doctrine of fraudulent joinder prevents a plaintiff from joining a non-diverse defendant "with no real connection to the controversy" in an effort to defeat federal jurisdiction. Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998). "Under the doctrine, courts will overlook the presence of a non-diverse defendant if, based on the pleadings, there is no possibility that the plaintiff could state a claim against the defendant under state law." Briarpatch, 373 F.3d at 302. "The defendant bears the heavy burden of proving this circumstance by clear and convincing evidence, with all factual and legal ambiguities resolved in favor of plaintiff." Id.

Thus, to determine whether Butwin was fraudulently joined to the action, the Court must assess the viability of The Lab's claims under New York law. In New York, "[i]nsurance agents have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so." Am. Bldg. Supply Corp. v. Petrocelli Grp., Inc., 979 N.E.2d 1181, 1184 (N.Y. 2012). In order to state a claim against an insurance agent for a breach of this duty, the plaintiff must establish that it made a specific request for a certain type of coverage not provided in the policy; a general request for coverage does not suffice. Compare 5 Awnings Plus,

4

Inc. v. Moses Ins. Grp., Inc., 970 N.Y.S.2d 158 (App. Div. 2013) (finding request for the "best policy value" for plaintiff's worker's compensation to be a general request for coverage), and Empire Indus. Corp. v. Ins. Companies of N. Am., 641 N.Y.S.2d 345 (App. Div. 1996) (determining that a request for the "'best' available coverage" was not a specific request), with Am. Bldg. Supply, 979 N.E.2d at 1184 (denying summary judgment for the defendant insurance agent based on plaintiff's testimony that it specifically requested from the agent "general liability for [its] employees . . . if anybody was to trip and fall or get injured in any way").

    Here, although Travelers argues that The Lab's request for coverage was general rather than specific in nature, the Court disagrees.  The Lab alleges that it specifically requested coverage for business interruptions caused by "any loss of power" or "any loss of use or occupancy" at its business premises. (Compl. ¶¶ 24-25.)  In so doing, The Lab identified a specific type of coverage as well as certain contingencies that the policy should cover.  Thus, the Court finds that the request was specific enough that The Lab could at least possibly recover against Butwin for its alleged failure to provide the coverage The Lab requested. See Am. Bldg. Supply, 979 N.E.2d at 1184.  As a result, Travelers has not met its burden of establishing that there is "no possibility" The Lab could state a claim against

5

Butwin under New York law, as required to demonstrate a fraudulent joinder.

As the parties acknowledge, both Butwin and The Lab are citizens of New York. In light of the Court's finding that Butwin was not fraudulently joined to the action, Butwin's presence destroys complete diversity of citizenship and deprives the Court of subject matter jurisdiction under 28 U.S.C. § 1332(a). Accordingly, The Lab's motion to remand this action to New York State Supreme Court pursuant to 28 U.S.C. § 1447(c) is granted.

**SO ORDERED.**

Dated:   New York, New York
         January 21, 2016

                                         _____
                                         JOHN F. KEENAN
                                         United States District Judge